I'm Judge Gould, and I'm presiding today, and I'm delighted to be sitting with my colleagues, Judge McKeown on my right and Judge Lee on my left. We appreciate all the advocates here because we couldn't get our work done without you. The first case of the docket for today is U.S. v. Shoemake. That's submitted on number 22-30216. It's submitted on the briefs. The next case on the docket is Manamoros v. Merrick Garland. That's number 23-3380. That's submitted on the briefs. The first case for argument is Martinez v. Garland. And so this case is set for 15 minutes per side, and we'll hear first from appellants. Good morning. May it please the court, my name is Manuel Rios, I'm the petitioner, Mr. Martins. I'd like to reserve three minutes for rebuttal. Can you move the microphones just a little closer? They always put them back. Thank you. This is a petition for review of the Board of Immigration Appeals dismissal of Mr. Martins' appeal of the immigration judge's finding of statutory ineligibility for withholding of removal underneath the Immigration Nationality Act and a denial of Mr. Martins' application for relief under the Convention Against Torture. There are two issues before this court. The first one is whether the board's determination that Mr. Martins had waived his arguments regarding the application of a serious nonpolitical crime bar to his case by not raising the issue to the immigration judge is contrary to law or supported by substantial evidence. And the second issue is whether or not the board correctly determined that Mr. Martins had not established eligibility for the Convention Against Torture, a deferral of removal underneath the Convention Against Torture. The waiver issue represents Mr. Martins' strongest argument and provides the most direct way that this court can properly dispose of this case. So I plan to focus the majority of my time on the board's waiver determination. The issue of waiver is limited to whether or not the board properly found that Mr. Martins had waived this argument before the immigration judge. Because the agency never made a decision on the merits of whether or not Mr. Martins' conduct as a juvenile could serve as the basis for the serious nonpolitical crime bar, this court cannot address the merits of this argument. If the court determines that the board's decision on waiver was contrary to law or not supported by substantial evidence in the record, then this court must remand the case to the agency to address the argument and potentially make the necessary factual findings to support that argument. The board's finding that Mr. Martins had waived a challenge to the application of the serious political crime bar to his case is not supported by the law nor substantial evidence in the record. The regulations that establish the burden of proof and the burden of production for relief and statutory bars in immigration and removal proceedings, and more specifically in the context of withholding of removal, establish a burden-shifting framework where the burden is on the applicant to establish eligibility for the relief and the burden is on the DHS to assert any type of mandatory bar to relief. And if the DHS makes that assertion that a mandatory bar applies, that's when the burden shifts back to the applicant to establish that the mandatory ground for denial does not apply to him. Let me ask you, in your view, even though the government didn't raise the argument, you're saying that the IAJ cannot make that determination? Your Honor, I'm not saying that the IAJ cannot make the determination. I'm pointing out the fact of the timing of this, is that the government did not raise this. Right. And the government only mentioned it after the IAJ had made that decision, made the determination, right? And so at that point, it was too late, as I will get into later, that Mr. Martins was never given an opportunity or put on notice such that he would have the opportunity to contest this. So now he's on notice because the judge makes the determination, right? That is correct. Now the government wakes up and says, uh-oh, okay, we agree. But then you have the closing argument, and unfortunately your client didn't even address the issue there. So my question really is, why wouldn't that be his opportunity to say, either put the brakes on this so that I can respond to this juvenile issue and let's have a continuance, or raise it in the closing and say there's not a basis just because he's a juvenile, et cetera? So I'm just having some trouble understanding why you say he didn't have an opportunity to respond. Well, Your Honor, I think that the administrative record that the board's decision specifically points to, and I believe that's page 246, establishes that the immigration judge specifically stated that he didn't want to hear anything else in regards to the withholding or removal claim and simply wanted to hear evidence as it pertains to the Convention Against Torture claim, which is not impacted by the serious nonpolitical bar. But judges often say he or she will rule this way, and lawyers always push back a little bit, and here there is none of that. You're right, Your Honor, that there is none of that because apparently the counsel believed that the immigration judge, the judge said that he was finding that Mr. Martins had been subject to the serious nonpolitical bar. And so the first opportunity to raise this would be in front of the Board of Immigration Appeals. And I understand that some lawyers do do that, Your Honor. I haven't seen very many lawyers have success with that. You know, that's true, but it's an argument we often get in the district court as well, which is judge made a ruling and I didn't ask for reconsideration or challenge it because I just thought, well, they're not going to listen to me anyway. But then you get into this situation that we're in here. So, you know, it's very similar to just because you don't think you'll be successful, you don't raise it. And I'm not sure there's case law that would support that as a reason, but maybe you can point us to some case law we should look to to say he didn't waive it. Well, Your Honor, I'm going to point the court to the actual decision of the Board of Immigration Appeals because the court can only affirm the decision based on the rationale that's contained within that decision. And the factual basis for the finding that Mr. Martin's had an opportunity to contest the immigration judge's finding of the application of the serious political bar to him, the board site states that the page 246 says that the immigration judge gave Mr. Martin an opportunity to respond to that. And, in fact, that is not the case. So if the court can only affirm the agency based upon the decision, you know, then that decision is not supported by substantial evidence because the evidence actually shows that the judge didn't want to hear any more information or evidence on this, which seems just the opposite of what the board is stating. The board states that the judge gave Mr. Martin an opportunity to contest the holdings, and that's simply not present in the record. It's certainly not present in the section that the board's decision specifically mentions. The judge says there's no need to pursue any more on the withholding. So no need to pursue any more. So, you know, what does that mean? Does that mean no more argument, no more evidence? I'm assuming both. It says, so if you've got any more information there, you can explore that, why it's more likely that he would be tortured. So clearly the judge is talking about the Convention Against Torture claim, and he specifically stated he didn't want to hear anything more on the withholding of removal under the act. So I would say that the board's decision isn't supported by substantial evidence, and contrary to demonstrating that the judge gave Mr. Martins an opportunity to contest the application of a serious nonpolitical bar to him, that the record shows just the opposite. Mr. Martins wasn't aware that this was an issue, number one, and after he was told that it was an issue, the immigration judge stated he didn't want to hear any more on the issue. So that was the reason why Mr. Martins did not push on that. So based on that, I would say that the court should remand this case to the agency to make a determination in the first instance on whether or not, according to the longstanding board precedent, that the serious nonpolitical bar should not apply to Mr. Martins' conduct while working for the gang in Brazil that occurred while he was a juvenile. And if the court doesn't have anything else, I'd like to reserve the rest for rebuttal. I have no questions. Thank you. Good morning, Your Honors, and may it please the Court. Anthony Nardi on behalf of the Attorney General. Your Honors, I have two main points for the Court today. First, with respect to the serious nonpolitical crime bar, substantial evidence does support the agency's conclusion that petitioners, based on petitioners' own testimonial and written declarations, that there were serious reasons to believe that he had committed a serious nonpolitical crime prior to entering the United States and that by failing to contest that issue in his brief to this Court, he's waived review of that issue. And second, with respect to the Convention Against Torture, petitioners failed to demonstrate either that he would more likely than not suffer torture upon his removal or that any such torture would be conducted with the requisite state action, both of which are dispositive of his CAT claim. And for those reasons, the Court should deny the petition for review. Happy to answer the Court's questions on either of those issues. Can you address the waiver issue? It seems like a pretty harsh application here because the government didn't raise this issue before the IJ. It's the IJ who raises it. And the IJ says in pretty strong terms that he, I forget if it's he or she, he or she is inclined to invoke the serious nonpolitical crime or perhaps Mr. Martin's lawyer wasn't prepared for it or was maybe put on the spot at a hearing. You know, you can understand why maybe the lawyer didn't really rebut that, maybe wasn't prepared for that. It does seem like a pretty harsh application of the waiver here. Judge Lee, I think it makes sense to look at the entire timeline of what had happened at the hearing at that point. So first, petitioner was on the stand for his direct examination. Then there was cross-examination. During both of those, the IJ, he interjected multiple times, asking his own questions. And then after the second round of his questioning ended, he then said to the petitioner's counsel below that he didn't want to hear any more evidence regarding the serious nonpolitical crime bar. And that's when, upon further redirect, petitioner's counsel didn't ask any more questions at that point. However, before closing arguments, when petitioner would have been allowed to raise this essentially legal argument with respect to his age and how that would interplay with the application of the bar, petitioner's counsel didn't make any argument at that point. And that is the point that typically these arguments would be made because there's not really any other additional evidence that would have been put into the record at that point with respect to his age. It was the same day, right?   Yes. But he is kind of caught flat-footed on this issue of the juvenile status, correct? I mean, if that issue had been raised by the government in advance, as it should have been, then he would have been able to research, well, perhaps there's a juvenile exception. So it seems odd here where the government doesn't meet its burden at all. Your Honor, I'm unaware of any cases of this Court stating specifically that the government, or the DHS in this instance, before the I.J., has to affirmatively raise this bar prior to the I.J. saying it. The regularly... Well, no, I don't think you're going to find a case, but we have one now. Yes, Your Honor. But according to the regs and the statute, it doesn't require that neither of them specifically point to which party needs to raise this issue first. They simply say that there need to be serious reasons to believe that this happened. And as this Court has repeatedly stated in the probable cause analysis, petitioner's own statements can independently rise to that level. So there's nothing that indicates that just because the I.J. says it first before the DHS counsel there can say that there's any issue there. Counsel, it seems a bit unfair to have the government make a mistake of not raising the issue and then have the petitioner penalized. Again, Your Honor, my response to that is I'm not sure there is any mistake there. I don't think it's clear under the regs or the statute which agents or who has to initially raise that. It's just that the burden-shifting regime goes from once there are those serious reasons to believe, then it becomes the petitioner's responsibility by the preponderance of the evidence to demonstrate that the bar doesn't apply. It doesn't specifically state on the front end whether it has to be the I.J. or DHS that initially raises that bar. And if the Court has no further questions on these issues, I'm happy to rest my brief. Thank you, Your Honors. Your Honors, I would just take issue with the fact is that generally this issue would come up in the pre-hearing briefing. And generally when the applicant or the non-citizen fails to raise the issue, the repercussions are very harsh against the non-citizen. And so, for example, the non-citizen fails to properly articulate a particular social group, then that non-citizen is precluded from advancing that social group. Similarly, this type of application of the law should be applied with the even hands to the government and to the respondent. I believe that the burden shifting requirement requires the DHS to assert this. Now, even if the judge were to be able to, it was proper for the judge to do it, these are adversarial proceedings. And the parties, the judge should be adjudicating things that are in contention. If there's been no indication at all by the department that this was in contention, then I don't know, I'm still assuming that it was proper for the judge to do this. But it just makes it even more implausible that the respondent or the non-citizen will be ready for something like this. I believe that the case law is clear that it is the DHS' burden to assert this. And even if we want to expand this to the governments, and that would include the immigration judge, the immigration judge's statement saying that he didn't want to hear any more on this pretty much absolved the respondent of this. And the fact that the board could only point to this particular section in the transcript, this particular page in the transcript to establish that the immigration judge gave Mr. Martins an opportunity to contest this shows that there was actually no opportunity to contest this. If we grant the petition, then what happens next? Well, Your Honor, I believe that it would go to the Board of Immigration Appeals to determine in the first instance whether or not they believe that the particular serious crime bar could apply to juvenile behavior. There's nothing that I've seen that is exactly on point that any court, I believe there might be an unpublished Fifth Circuit decision that deals with this. But other than that, I have not seen any other cases on the particular application of the serious nonpolitical crime bar to juvenile conduct. However, that said, is that generally when we're talking about crimes, that juvenile conduct, conduct committed when the applicant's under 18 generally doesn't count as criminal behavior, but rather it can serve as a basis for inadmissibility if they could have been tried under the FJDA, the Federal Juvenile Delinquency Act. So then the board would need to determine whether or not that applied. If it did apply, I believe they'd have to send it back for factual findings. Okay, thank you. Thank you, Your Honor. Thank you. Okay. That case shall be submitted. We thank counsel for your excellent arguments.
judges: McKEOWN, GOULD, LEE